UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JESUS ALCALA-MENDOZA,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:10-118-9** |
| | § | **CIVIL NO. 6:13-44** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Movant Jesus Alcala-Mendoza's ("Alcala-Mendoza") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 349) and memorandum in support (Dkt. No. 350).[1] The United States of America (the "Government") filed a motion to dismiss this action (Dkt. No. 361), to which Alcala-Mendoza responded (Dkt. No. 366).

**I. Background**

On June 22, 2011, Alcala-Mendoza pled guilty, pursuant to a written plea agreement, to conspiracy to transport unlawful aliens in a motor vehicle in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(1), and 1324(a)(1)(B)(i). (Plea Agreement, Dkt. No. 171.) The Court reviewed the plea agreement with Alcala-Mendoza at rearraignment. (Tr. 6/22/2011, Dkt. No. 358 at 8:15–12:2.) At that time, Alcala-Mendoza acknowledged that he had signed the plea agreement knowingly and voluntarily, that he was aware that he had waived his right to appeal or collaterally attack his conviction or sentence, and that he understood that he was subjecting himself to a potential penalty range of up to 10 years in prison. (*Id.* at 9:15–12:15.) The Court accepted the guilty plea and set the case for sentencing.

---

1. All citations to the docket sheet refer to Criminal Case No. 6:10-118-9.

The U.S. Probation Office prepared a presentence investigation report (PSR) recommending a base offense level of 12 pursuant to U.S.S.G. § 2L1.2(a)(3) (PSR, Dkt. No. 211 ¶ 33.) The PSR recommended that the offense level be increased by 9 levels based on Alcala-Mendoza's accountability for transportation of over 450 aliens and by another 2 levels because the offense intentionally or recklessly created a substantial risk of death or serious bodily injury to another person, for a total base offense level of 23. (*Id.*) After a three-level reduction for acceptance of responsibility, Alcala-Mendoza's total offense level was 20. (*Id.* ¶¶ 39, 42.) Alcala-Mendoza's criminal history points totaled 13, establishing a criminal history category of VI. (*Id.* ¶ 52.) Based on a total offense level of 20 and a criminal history category of VI, the guideline range of imprisonment was 70 to 87 months. (*Id.* ¶ 70.)

Alcala-Mendoza's criminal history included a 2008 conviction in the Southern District of Texas–McAllen Division in Case No. 7:08-CR-963-1, in which he was sentenced to 46 months in prison after pleading guilty to harboring an undocumented alien. (PSR ¶ 51.) At the time the PSR was prepared in the present case in September 2011, Alcala-Mendoza had not yet completed his 46-month sentence in 7:08-CR-963-1; therefore, the PSR advised that pursuant to U.S.S.G. § 5G1.3(c) comment (n.6), Alcala-Mendoza's sentence could be imposed to run concurrently, partially concurrently, or consecutively to the then-undischarged term of imprisonment in 7:08-CR-963-1. (*Id.* ¶ 71.) The PSR also pointed out that U.S.S.G. § 5K1.1 "encouraged downward departure should the defendant provide substantial assistance to the Government." (*Id.* ¶ 82.)

On March 6, 2012, the Court sentenced Alcala-Mendoza to 42 months in prison, expressly providing as follows: "The Court is granting 12 months credit for the sentence already served in Dkt. No. 7:08CR963-1. Therefore, of the 42 months sentence, 30 months is to be

served consecutively to the sentence imposed in Dkt. No. 7:08CR963-1." (Judgment, Dkt. No. 286 at 2.) Unbeknownst to the Court, Alcala-Mendoza had already completed his sentence in 7:08-CR-963-1 at the time he was sentenced in this case.

Alcala-Mendoza did not appeal. The judgment therefore became final on April 3, 2012— the deadline for filing notice of appeal. *See Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam) (a judgment becomes final when the applicable period for seeking review of a final conviction has expired); FED. R. APP. P. 4(b)(1)(A)(i) (providing that, a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of either the judgment or the order being appealed).

On March 21, 2013, Alcala-Mendoza filed a motion under 28 U.S.C. § 3582 complaining that the Bureau of Prisons (BOP) would not give him 12 months credit toward his sentence in this case based on time served in Case No. 7:08-CR-963-1, as set forth in the Court's Judgment. (*See* Dkt. No. 332.) Because Alcala-Mendoza did not challenge the length of his sentence as imposed by the Court, but instead challenged the BOP's determination of its duration, the Court construed Alcala-Mendoza's motion as one pursuant to 28 U.S.C. § 2241. (Dkt. No. 339 at 1 (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted)).) The Court ultimately denied Alcala-Mendoza's motion without prejudice based on lack of jurisdiction, explaining that a challenge to the BOP's administrative decision pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated—in this case, the Northern District of Georgia. (*Id.* at 2 (citing *Pack*, 218 F.3d at 451; *United States v. Wilson*, 503 U.S. 329, 335 (1992)).) It is unclear whether

Alcala-Mendoza filed a § 2241 motion in the Northern District of Georgia; however, on June 20, 2013, he filed the presently-pending § 2255 motion.

## II. Petitioner's Claims

In his § 2255 motion, Alcala-Mendoza again complains that the BOP will not give him credit for 12 months of his 42-month sentence in this case based on time served in Case No. 7:08-CR-963-1. In support of this claim, Alcala-Mendoza has attached a copy of a letter from the BOP dated July 31, 2012, whereby the BOP informed Alcala-Mendoza as follows:

> A review of our records indicates the sentence imposed in [case] number 7:08CR963-1 was satisfied on October 20, 2011. The [BOP]'s interpretation of title 18 U.S.C. 3585(a) precludes a term of imprisonment from commencing prior to the date of imposition. Therefore it is not possible to compute the sentence as ordered. As such your sentence has been computed to commence on March 6, 2012, the date of imposition.

(Dkt. No. 350, Ex. 1.) Because the BOP will not give him credit for those 12 months as set forth in the Court's Judgment, Alcala-Mendoza claims that "he is entitled to be resentenced in accordance with U.S.S.G. § 5G1.3(b)(1), specifically, to a term of 30 months, with an Amended Judgment being issued specifically complying with U.S.S.G. § 5G1.3 cmt. App. N.2(C)." (Dkt. No. 350 at 6.) In response to the Government's motion to dismiss, Alcala-Mendoza also added a claim of ineffective assistance of counsel.

## III. Legal Standard

### A. Grounds for Filing a § 2255 Motion

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28

U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## IV. Analysis

### A. Timeliness

As stated *supra*, the judgment in this case became final on April 3, 2012. Under 28 U.S.C. § 2255(f)(1), Alcala-Mendoza would generally be required to file a § 2255 motion no later than April 4, 2013. However, Alcala-Mendoza argues that he exercised due diligence by seeking a sentence credit through the Administrative Remedy Procedures set forth by the BOP, and the factual predicate for his motion could not have been discovered until he received the BOP's July 31, 2012 letter stating that it was not possible to compute his sentence as ordered. Under these circumstances, the Court finds that Alcala-Mendoza's motion, filed less than one

year later on June 27, 2013, is timely under 28 U.S.C. § 2255(f)(4).

### B. Effect of Waiver

Alcala-Mendoza waived his right to appeal or to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as part of his plea agreement with the Government. (Dkt. No. 171 ¶ 7.) A defendant must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Despite Alcala-Mendoza's current claim that he was never advised of his right to file a motion under 28 U.S.C. § 2255 before his rearraignment, the plea bargain he signed with the Government explicitly informed him of this right. (Plea Bargain ¶ 7.) The transcript of his rearraignment further confirms that Alcala-Mendoza understood the charges against him, his maximum sentence, and the rights he was waiving—specifically, the right to file a motion under 28 U.S.C. § 2255. (6/22/11 Tr. at 11:5-10.) These sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge*, 431 U.S. at 74)). "Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002).

Because Alcala-Mendoza's plea and waiver were knowing and voluntary, he gave up the rights he now seeks to assert. The Court could therefore refuse to reach the merits of Alcala-Mendoza's claims because they fall within the scope of his waiver. *See United States v. Wilkes*, 20 F.3d 651, 653–54 (5th Cir. 1994) (enforcing voluntary and knowing waiver of § 2255 rights). However, out of an abundance of caution, the Court will address the merits of Alcala-Mendoza's

motion below.

### C. Merits

#### 1. Claim that the Court Misapplied U.S.S.G. § 5G1.3

The Fifth Circuit has made clear that allegations involving "[m]isapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Alcala-Mendoza's claim that the Court misapplied U.S.S.G. § 5G1.3 is therefore not cognizable under 28 U.S.C. § 2255.[2]

#### 2. Ineffective Assistance of Counsel Claim

"Although sentencing issues are not cognizable under § 2255 because they are not of constitutional dimension, [courts] will address sentencing arguments raised in a § 2255 motion if they are presented in the context of an ineffective-counsel claim." *United States v. Stier*, 216 F.3d 1080, 2000 WL 729361, *1 (5th Cir. May 18, 2000). To prevail on his ineffective assistance of counsel claim, Alcala-Mendoza must prove that his attorney's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). In the context of a guilty plea, Alcala-Mendoza must establish prejudice by showing that, but for his attorney's deficient performance, there is a reasonable probability that he would not have plead guilty, but would have instead insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Alcala-Mendoza claims that his trial counsel was ineffective due to his "failure to object[t] to the sentencing as violative of U.S.S.G. § 5G1.3(b)(1)." (Dkt. No. 366 at 2.) Much

---

2. Even if this claim were cognizable under § 2255, it would nonetheless be dismissed without merit. Guideline 5G1.3 addresses situations in which the defendant being sentenced is subject to a prior *undischarged* term of imprisonment. Here, the Court improperly applied Guideline 5G1.3 *in Alcala-Mendoza's favor* because the Court was unaware that had already completed his sentence in Case No. 7:08-CR-963-1 at the time he was sentenced in this case. Because the term of imprisonment in Case No. 7:08-CR-963-1 was not undischarged at the time of sentencing, Guideline 5G1.3 should not have been applied.

like Alcala-Mendoza, the petitioner in *Rodriguez* pled guilty, then later filed a § 2255 motion claiming that trial counsel performed ineffectively by failing to argue that his federal sentence should run concurrently with a prior sentence under U.S.S.G. § 5G1.3. *United States v. Rodriguez*, 165 F.3d 23, 1998 WL 870356, *1 (5th Cir. Dec. 1, 1998). In affirming the district court's denial of Rodriguez' motion, the Fifth Circuit explained:

> Rodriguez failed to make the requisite showing as to any of his ineffectiveness claims, all of which are based on the underlying contention that he was entitled under U.S.S.G. § 5G1.3(b) to have his federal sentence run concurrently with an unexpired state prison term for an unrelated offense. That underlying argument is meritless because Rodriguez cannot show prejudice.

*Id.* Because Alcala-Mendoza is similarly unable to show prejudice, his ineffective assistance of counsel claim must also be dismissed.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their

merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Alcala-Mendoza is not entitled to a COA as to his claims—that is, reasonable jurists could not debate the Court's resolution of his ineffective assistance of counsel claim.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 361) is **GRANTED**, and Alcala-Mendoza's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 349) is **DENIED**. Additionally, Alcala-Mendoza is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 9th day of December, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE